IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CENTURY SATELLITE, INC.,             §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §        CIVIL ACTION NO. H-04-3243
                                     §
ECHOSTAR SATELLITE, L.L.C.,          §
f/k/a ECHOSTAR SATELLITE             §
CORPORATION, ECHOSPHERE, L.L.C.,     §
MID-STATE DISTRIBUTING CO.,          §
INC., and RECREATIONAL SPORTS        §
AND IMPORTS, INC.,                   §
                                     §
        Defendants.                  §

ORDER

Pending is Plaintiff Century Satellite, Inc.'s Motion to Reinstate Case (Document No. 52), to which Defendants have filed their Opposition (Document No. 53).

By Order entered June 23, 2005, the Court ordered Plaintiff to proceed to arbitration on its claims against certain of Defendants, and stayed all further proceedings pending the outcome of the foregoing arbitration. After having subsequently received status reports from the parties regarding the arbitration, the Court administratively dismissed the case by Order entered November 29, 2006, without prejudice to any party filing a motion to reopen the case within thirty (30) days after the arbitrators issued their final arbitration award or decision. Plaintiff's present Motion to Reinstate Case was filed November 8, 2007. Plaintiff attaches two

letters from the American Arbitration Association to its motion, the first dated September 18, 2007, and the second letter dated October 11, 2007. Plaintiff asserts that the arbitration was dismissed October 11, 2007, and that its present motion, filed within 30 days after that date, is timely. Defendants contend that the arbitration proceeding was closed on September 18, 2007, the date of the first letter, and that Plaintiff failed to move within 30 days thereafter for reinstatement of the case.

The September 18, 2007, letter reads in pertinent part as follows:

> As advised in our letter of September 11, 2007, the outstanding balance remains unpaid. If our records are inaccurate and payment has been sent, please notify the undersigned immediately.
>
> By direction of the Arbitrators, *we are this date closing our file*. Please note that the case file will be destroyed six (6) months after the date of this letter.

Letter dated September 18, 2007, addressed to counsel for the parties, signed by Senior Case Manager Linda M. Tejeda, of the American Arbitration Association (emphasis added).

The October 11, 2007, letter reads in pertinent part as follows:

> As advised in our letter dated September 18, 2007, *we have closed our files.* Please note that the case file will be destroyed six (6) months after the date of this letter.

2

Letter dated October 11, 2007, addressed to counsel for the parties, signed by Senior Case Manager Linda M. Tejeda, of the American Arbitration Association (emphasis added).

No other proof has been offered with respect to when the arbitrators issued their decision closing the arbitration except for these two letters.  Based thereon, the Court finds that the arbitrators at some point on or prior to September 18, 2007, directed that the arbitration file be closed, and the Senior Case Manager for the American Arbitration Association advised both sides that "this date," that is, September 18, 2007, the AAA was closing the file, which would be destroyed six months after the date of that letter.  The October 11, 2007, letter recites, as "advised in our letter dated September 18, 2007, we have closed our file."  The October 11 letter was evidently a reminder to counsel that the file was closed on September 18.  Again, the AAA noted that the case file would be destroyed within six months after the date of "this letter," which is somewhat ambiguous as to when the file would be destroyed.  Although Plaintiff believes it is a reference to six months after the October 11 letter, it is just as likely a reference to six months after the September 18 letter that was specifically referenced in the immediately preceding sentence.  The latter interpretation is also consistent with what was said in the September 18 letter.  Regardless of exactly when the file would be destroyed, however, there is no statement in the October 11 letter

3

that the arbitrators did not make their final decision to close the arbitration until October 11, and there is nothing in the October 11 letter to change or modify the advice contained in the September 18 letter that the arbitrators had by that date already directed that the arbitration be closed and that the arbitration file was in fact being closed on September 18, 2007.

Accordingly, the Court finds that the arbitrators issued their final decision closing the arbitration on September 18, 2007. Neither Plaintiff nor any other party moved to reopen the case within thirty (30) days after that date.  Accordingly, the Court finds that Plaintiff's Motion to Reinstate Case was not timely filed, that no good cause has been shown not to have complied with the prior Order of the Court, and that the motion should therefore be denied.  It is, therefore,

ORDERED that Plaintiff's Motion to Reinstate Case (Document No. 52) is DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 19th day of December, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4